O

United States District Court
Central District of California

| | |
|---|---|
| GERBER PLUMBING FIXTURES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERIFREIGHT, INC., dba LOGISTICS TEAM; 19201 REYES, LLC,<br><br>　　　　　　Defendants.<br><br>―――――――――<br><br>CATHAY LOGISTICS, LLC;<br>SINOFREIGHT, LLC dba SB FREIGHT,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GERBER PLUMBING FIXTURES, LLC,<br><br>　　　　　　Defendant. | Case No. 2:15-cv-04146-ODW(RAO)<br>[c/w: 2:15-cv-02926-ODW(GJS)]<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION TO CONSOLIDATE [51 & 52]** |

## I. INTRODUCTION

Plaintiff Gerber Plumbing Fixtures, LLC ("Gerber") moves for leave to file a Second Amended Complaint and to consolidate this matter with another also pending before this Court. Gerber seeks to amend its Complaint to add a cause of action for conspiracy to commit conversion, and to name two additional defendants, Cathay Logistics, LLC and Sinofreight, LLC, that allegedly took part in the conspiracy. (ECF No. 52.) Gerber also seeks to consolidate this case with another case filed by several of these same defendants. (ECF No. 51.) For the reasons discussed below, the Court **GRANTS** Gerber's Motions.[1] (ECF Nos. 51, 52.)

## II. BACKGROUND

Gerber is an Illinois-based company that manufactures plumbing equipment. (First Am. Compl. (FAC) ¶ 9, ECF No. 30.) Defendant Amerifreight, Inc. dba Logistics Team ("Logistics Team") is a California-based company that provides warehouse and logistics services. (*Id.* ¶¶ 2, 16.) On January 26, 2012, Gerber and Logistics Team entered into a five-year contract under which Logistics Team would provide these services to Gerber. (*Id.* ¶¶ 16, 17.) Recently, Logistics Team arranged for approximately $7.6 million of Gerber's products to be stored at a warehouse owned by Defendant 19201 Reyes, LLC ("Reyes"). (*Id.* ¶¶ 3, 20, 21.)

Separately, Gerber began working with Cathay Logistics, LLC ("Cathay") and Sinofreight, LLC dba SB Freight ("SB Freight"), who also provided logistical and transportation services to Gerber. (*Id.* ¶¶ 25–27.) Gerber alleges that Cathay and SB Freight are owned and operated by the same individuals who own and operate Logistics Team. (*Id.* ¶ 25.) On March 23, 2015, Cathay brought suit against Gerber for approximately $1 million on an open book account for shipping services. (*Id.* ¶ 28.) Gerber disputes the amount, and alleges that Cathay and SB Freight failed to adequately perform their services to Gerber. (*Id.*)

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Seven days later, Logistics Team informed Gerber that it was in the process of terminating its lease with Reyes due to Gerber's alleged nonpayment and bad faith under their contract, and that Gerber needed to remove its products from the Reyes facility by June 30, 2015 otherwise Logistics Team would be forced to move them at Gerber's expense. (*Id.* ¶ 33.) Gerber responded that it was current on all charges from Logistics Team, and denied that it had acted in bad faith. (*Id.* ¶¶ 34, 35.) However, Gerber nevertheless agreed to remove its inventory. (*Id.* ¶ 34.) Gerber also inquired whether Logistics Team would pay for the relocation of Gerber's inventory pursuant to the terms of their contract. (*Id.* ¶ 35.) Logistics Team responded by reiterating its previous assertion that Gerber was to either move its inventory or have it moved by Logistics Team at Gerber's cost. (*Id.* ¶ 36.)

The following month, Gerber provided Logistics Team with its inventory and move-out process. (*Id.* ¶¶ 38, 39.) In the meantime, they continued to discuss the merits of each other's alleged breach of the contract. (*Id.* ¶¶ 40–44.) On June 1, 2015, Logistics Team told Gerber that any resolution would be conditioned on, at minimum, Gerber repaying the $1 million that it allegedly owed to Cathay/SB Freight. (*Id.* ¶¶ 28, 42, 43.) Logistics Team also refused to allow Gerber to conduct its move-out until this debt with Cathay/SB Freight was settled. (*Id.* ¶ 47.) The next day, Gerber filed this action against Logistics Team. (ECF No. 1.)

On September 4, 2015, Gerber filed its Motion for Leave to File Second Amended Complaint and Motion to Consolidate Related Cases. (ECF Nos. 51, 52.) Logistics Team and Reyes timely opposed both motions, and Gerber timely replied. (ECF Nos. 57–62.) Both Motions are now before the Court for consideration.

### III. DISCUSSION

**A. Motion for Leave to Amend**

A party may move for leave to amend its pleading, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are:

3

bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). These factors should be analyzed with "extreme liberality" toward allowing amendments. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Gerber seeks leave to amend to add Cathay and SB Freight as defendants in this action, and all of the foregoing factors weigh in favor of granting Gerber's request. There is no indication that Gerber is acting in bad faith by bringing this motion. There is also no undue delay as Gerber brought this motion approximately three months after suit was filed, and well within the deadline set by the court to amend its pleading. The current defendants will not be prejudiced because the allegations against them will be largely unchanged in the amended pleading. Neither will the new parties suffer any undue prejudice given that this matter is still within the relatively early stages of the litigation, and the fact that they are alleged to be alter-egos of the current defendants. And finally, the opposing parties have not pointed to any reason why the claims against the new parties would necessarily fail, and thus there is no issue with respect to the futility of amendment.

Logistics Team makes several arguments in opposition to the motion, none of which are persuasive. First, Logistics Team argues that allowing an amended Complaint will violate Federal Rule of Civil Procedure 13(a). (Opp'n 8.) That Rule provides in part:

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a).

Gerber responds that its claims against Cathay and SB Freight are not compulsory counterclaims because they did not arise at the time of service, as required by Rule 13(a). (Reply 10, 11.) Specifically, Gerber argues that it answered Cathay

4

and SB Freight's Complaint on April 29, 2015, and that it was not until June 2, 2015 that Logistics Team, Cathay, and SB Freight acted to shut down the Reyes facility. *Id.* The Court agrees with Gerber. Gerber did not file suit against Logistics Team until Logistics Team essentially told Gerber that they intended to hold their property hostage, which occurred on June 2, 2015. Thus, Defendants did not have a compulsory counterclaim on April 29, 2015. Moreover, it is not clear that Gerber was even aware of the underlying connection between the defendants on April 29, 2015. Thus, Gerber was not required to file this as a compulsory counterclaim at the time it filed its Answer in the other action.

Moreover, even if this could be construed as a counterclaim that should have been brought in the other action, Gerber could have moved for leave to add such a counterclaim in that action, which the Court would still have analyzed under Rule 15(a)(2) anyway. *See* Fed. R. Civ. P. 15 advisory committee's notes ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim."). Thus, whether the Court grants leave to amend in this action versus the *Cathay* action makes no difference—particularly as the Court has now consolidated the two actions.

Logistics Team's remaining arguments are even more specious. They first argue that Gerber is impermissibly seeking to split claims involving the same parties. (Opp'n 9.) Generally, "a party seeking to enforce a claim legally or equitably must present to the court . . . all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *The Haytian Republic*, 154 U.S. 118, 125 (1894). The Supreme Court reasoned that "[t]here would be no end to litigation if such a practice were permissible." *Id.*

Gerber is not seeking to split any claims; on the contrary, it is seeking to add parties to one lawsuit and consolidate actions to increase efficiency in resolving the

5

dispute. If Logistics Team was really so concerned about claim-splitting, it would not have opposed Gerber's concurrent motion to consolidate. *See RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784, 787 (9th Cir. 2010) (holding that a defendant's opposition to a motion to consolidate constitutes an acceptance to claims splitting).

Logistics Team also argues that Gerber has not shown "good cause" for the amendment. (Opp'n 11.) This argument is curious. What part of Rule 15(a)(2) requires "good cause" to amend a pleading? What part of that rule requires a movant to produce a declaration describing the moving party's "investigation" of their claims, or precludes a party from amending its pleading because of statements made in their Joint Report? And for that matter, where in the Joint Report did Gerber even say that it did not intend to add new parties to its pleading?

Suffice to say, Gerber's Motion is granted. Logistics Team is also reminded that advancing frivolous arguments unsupported by law is grounds for sanctions.[2] Fed. R. Civ. P. 11(b)(2).

**B.     Motion to Consolidate**

Gerber moves to consolidate this case with *Cathay Logistics, LLC et al. v. Gerber Plumbing Fixtures, LLC*, Case No. 2:15-cv-02926-ODW (GJS). A district court has broad discretion to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2); *Inv'rs Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Id.*

Gerber argues, and the Court agrees, that the respective complaints involve common issues of law and fact, and that the two actions share key witnesses and evidence. (Mot. 7–8.) Gerber alleges that the defendants in the two actions are

---

[2]     Reyes makes substantially similar arguments as Logistics Team in opposition to Gerber's Motion for Leave to Amend. The Court is not persuaded by Reyes' arguments, and does not find it necessary to separately address those arguments.

1 essentially alter-egos of each other (or at the very least are acting in concert with each 2 other), and therefore involve the same parties. Both actions also substantially relate to 3 and involve the June 2015 lockout of Gerber from the warehouse. Moreover, there is 4 no delay or prejudice caused by consolidation because these actions are both still in 5 the early stages of litigation. Consolidation will not result in any additional confusion 6 above and beyond the confusion inherent in the facts of the case. Thus, consolidation 7 of the cases is appropriate.[3]

Logistics Team opposes Gerber's Motion on several grounds, none of which are persuasive. First, Logistics Team argues that Gerber should not be permitted to consolidate the cases after taking affirmative steps to separate them. (Opp'n 5.) Specifically, it notes that Gerber filed the present action with full knowledge of the *Cathay* action, and thereby manifested a willingness to litigate the actions separately. (Opp'n 5.) First, as noted above, this suit could not have been filed at the time of Cathay's claim against Gerber. It is unknown if Gerber was even aware of the underlying relationship between the defendants at the time of its filing against Logistics Team and Reyes. In the Joint Report filed in the related (*Cathay*) action, Gerber specifically notes that investigation is continuing with regard to the discovery of additional related parties. Under these circumstances, it does not appear that Gerber took affirmative steps to separate the two actions. Second, Logistics Team cites no authority for its contention that such conduct (even if true) precludes consolidation.

Logistics Team next argues that because the amended pleading is more properly a compulsory counterclaim in the *Cathay* action, the Court should not consolidate the two actions, but should instead *dismiss* this action and force Gerber to move to amend in the *Cathay* action. (Opp'n 7.) This is beyond absurd. First, this is not a motion to dismiss, and thus there is no basis on which to dismiss this action. Second, as

---

[3] The Court again does not find it necessary to separately address Reyes' arguments in opposition to this Motion, suffice to say that the Court is not persuaded by its arguments.

Logistics Team itself points out, the point of prohibiting compulsory counterclaims from being asserted in a different action is to increase efficiency by resolving all disputes arising out of common matters in a single lawsuit. (*Id.*) But, as discussed above, Gerber is not trying to separate the claims into different lawsuits—Gerber is trying to *consolidate* all claims into one lawsuit. How does this not achieve efficiency and uniformity? If anything, it is Logistics Team that is attempting to split claims, decrease efficiency, and increase costs by trying to keep these matters separate.

Logistics Team next argues that Gerber has not shown good cause for the Motion. (Opp'n 7.) But, like Rule 15, nothing in Rule 42(a)(2) requires a separate showing of "good cause" to consolidate.

Lastly, Logistics Team argues that consolidation is not necessary for a global settlement conference, as the parties have previously participated in a global settlement conference (albeit an unsuccessful one). (Opp'n 8.) While consolidation may not be *necessary* to achieve this, it will certainly not hinder a global resolution, and thus this does not weigh against consolidation.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Gerber's motions for leave to amend and to consolidate related cases. (ECF Nos. 51 and 52.) Gerber shall file its amended complaint within fourteen days of this Order. It is also **ORDERED** that this case is consolidated with *Cathay Logistics, LLC and Sinofreight, LLC d/b/a/ SB Freight v. Gerber Plumbing Fixtures, LLC*, Case No. 2:15-cv-02926-ODW (GJS), for all purposes including trial. Case No. 2:15-cv-02926-ODW (GJS) is designated as the lead case. All documents related to either case that need to be filed with the Court should be filed in **only the lead case**.

/ / /
/ / /
/ / /
/ / /

The Court also notes that virtually all of Logistics Team's arguments in opposition to these Motions are frivolous, and appear to have been advanced for the sole purpose of delay and to increase the cost of litigation. If Logistics Team continues to engage in such conduct, the Court will not hesitate to impose sanctions.

**IT IS SO ORDERED.**

November 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**